UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS CAVALIER, CDCR #E-98747,<br><br>                                 Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD;<br>BPH COMMISSIONER GROUNDS;<br>GOV. GAVIN NEWSOM,<br><br>                               Defendants. | Case No.: 3:20-cv-01379-DMS-AHG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AND DISMISS CIVIL ACTION PURSUANT TO Fed. R. Civ. P. 41(a) AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF Nos. 2, 6]** |

On July 17, 2020, Plaintiff Robert Thomas Cavalier, proceeding pro se and while incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1), together with a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2). On August 20, 2020, he filed a "Motion to Withdraw and Dismiss '*Cavalier v. Pollard*'" (ECF No. 6).

I.  **Procedural Background**

Three days after he filed this case, on July 21, 2020, Plaintiff filed a separate Complaint and Motion to Proceed IFP in *Thomas v. Newsom, et al.*, S.D. Cal. Civil Case No. 3:20-cv-01398-MMA-KSC ("*Newsom I*"), naming most of the same Defendants, and alleging what appeared to be the same claims. *See Bias v. Moynihan,* 508 F.3d 1212, 1255

(9th Cir. 2007) (permitting court to take "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Because the claims raised in *Newsom I* were deemed duplicative of those alleged and still pending in this case, *Newsom I* was dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to Plaintiff's pursuit of those claims in this previously-filed action. *See Newsom I*, S.D. Cal. Civil Case No. 3:20-cv-01398-MMA-KSC, ECF No. 4.

On August 20, 2020, Plaintiff filed yet another Complaint, *Cavalier v. Newsom, et al.,* S.D. Cal. Civil Case No. 3:20-01615-MMA-DEB ("*Newsom II*"), together with another Motion to Proceed IFP, and the same "Motion to Withdraw and Dismiss '*Cavalier v. Pollard*'" he filed in this action. *See Newsom II*, S.D. Cal. Civil Case No. 3:20-01615-MMA-DEB (ECF Nos. 1, 2, 3). Plaintiff's Complaint in *Newsom II*, like his Complaints in this case ("*Cavalier v. Pollard*") and *Newsom I*, all allege substantially the same claims against substantially the same parties.

## II. Motion to Withdraw and Dismiss "*Cavalier v. Pollard*"

In Plaintiff's Motion to Withdraw and Dismiss, he contends that his Complaint in this case was incomplete at the time he filed it, and that his "2d Complaint" filed on July 21 (*Newsom I*) better "articulates what he is trying to explain." *See* ECF No. 6 at 2–3. Plaintiff acknowledges, however, that *Newsom I* has already been dismissed without prejudice; therefore, he asks instead to withdraw *Cavalier v. Pollard*, and to proceed with the new Complaint e-filed with his Motion (*Newsom II*). *See id.* at 4–5. As noted above, *Newsom II* was filed by the Clerk of Court on August 20, 2020, and has been assigned Civil Case No. 3:20-cv-01615-MMA-DEB. Plaintiff's Complaint and a new Motion to Proceed IFP in that case remain pending before Judge Anello. *See Newsom II*, S.D. Cal. Civil Case No. 3:20-cv-01615-MMA-DEB (ECF Nos. 1, 2).

///
///
///

The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. . . . Such a dismissal leaves the parties as though no action had been brought." *American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1110 (9th Cir. 1999) (citing *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted)). Thus, because Plaintiff has notified the Court that he does not wish to pursue *Cavalier v. Pollard* at this time, no party has yet to be served with any valid pleading, and no answer or motion for summary judgment has yet to be filed, voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is appropriate. *See Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534–35 (9th Cir. 1987) ("As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i). A voluntary dismissal by a plaintiff under this subsection automatically terminates the action upon the filing of the dismissal with the clerk."). "[T]he fact that [Plaintiff's] filing was named as a 'motion' does not preclude its operative effect as a notice of dismissal." *Ramirez-Ramos v. Ryan*, No. CV188086PCTNVWJFM, 2019 WL 885624, at *6 (D. Ariz. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 859690 (D. Ariz. Feb. 22, 2019) ("Although the document filed by [plaintiff] was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by [plaintiff] in filing the document with the Court was clearly to have his claims dismissed without prejudice."); *see also* 9 Fed. Prac. & Proc. Civ. § 2363, Voluntary Dismissal—Dismissal as a Matter of Right (3d ed.) ("It is merely a notice and not a motion, although a notice in the form of a motion is sufficient.").

### III.  Conclusion and Order

For the reasons explained, Plaintiff's Motion to Withdraw and Dismiss *Cavalier v. Pollard* (ECF No. 6), construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a) is **GRANTED**. Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** as moot, and this civil action is **DISMISSED** without prejudice to Plaintiff's pursuit of the

claims as re-alleged and currently pending before Judge Anello in *Cavalier v. Newsom, et al.*, S.D. Cal. Civil Case No. 3:20-cv-01615-MMA-DEB.

**IT IS SO ORDERED**.

Dated: September 10, 2020

Hon. Dana M. Sabraw
United States District Judge